Filed 2/11/21  In re T.W. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re T.W., a Person Coming Under the Juvenile Court Law. | B300080 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 19CCJP03513A) |
| Plaintiff and Respondent, | |
| v. | |
| D.W., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel Zeke Zeidler, Judge.  Affirmed.

Mitchell Keiter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Jacklyn K. Louie, Principal Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Mother D.W. appeals the juvenile court's jurisdictional order concerning her then eight-year-old son, T.W., arguing T.W. was in his father's care at the time of the jurisdictional hearing, and therefore there was no current risk of harm. She does not otherwise challenge the sufficiency of the evidence supporting jurisdiction, or the custody order or order terminating jurisdiction. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This family came to the attention of the Los Angeles County Department of Children and Family Services (Department) in May 2019, after mother called to report she could no longer care for T.W. Mother needed T.W. "placed somewhere permanently," and planned to kill herself once he was placed. According to mother, "when she is dead, [T.W.'s] father will appear and take care of [him]." Mother was struggling to provide for T.W. and did not have enough money to feed him. They were living in her car. Mother was raped as a teenager and was suffering from posttraumatic stress disorder.

Law enforcement was dispatched to mother's location, and mother was taken into custody to undergo a mental health evaluation. She no longer wanted to lose custody of T.W. She said she just wanted a housing voucher or some money. Mother identified R.E. as T.W.'s father, and said father had not seen T.W. in four years.

During her evaluation by the LAPD Mental Health Unit, mother said she was willing to prostitute herself because she needed money. She was rambling, paranoid, and incoherent. She was placed on an involuntary psychiatric hold.

Father lived in Washington and was eager to have T.W. placed with him. Mother had alienated father from T.W., and

2

father and maternal relatives had been trying to locate mother and T.W.

The Department filed a petition alleging that mother has a history of "mental and emotional problems" that renders her incapable of providing regular care to T.W.

T.W. was detained from mother. The Department recommended the jurisdictional allegations be sustained, and that jurisdiction be terminated with a family law order awarding father custody of T.W.

At the July 3, 2019 pretrial release investigation hearing, the court released T.W. to father under the supervision of the Department. As of the July 16, 2019 jurisdictional hearing, T.W. was residing with father in Washington.

Mother objected to sustaining the petition, arguing T.W. was safely with father in Washington, there was no current risk of harm to T.W., and any dispute over custody could be handled in family court. Mother conceded there was no pending family law action.

The juvenile court sustained the petition, removed T.W. from mother, and terminated jurisdiction with a custody order awarding father legal and physical custody, and providing monitored visitation for mother. Mother timely appealed.

## DISCUSSION

Mother relies on *In re A.G.* (2013) 220 Cal.App.4th 675 and *In re Phoenix B.* (1990) 218 Cal.App.3d 787, both of which are inapposite. In *In re A.G.*, the juvenile court sustained a petition alleging mother was mentally ill and unable to care for her children. However, the family had a pending family law case, and the father demonstrated he was able to protect the children from mother's mental illness. (*In re A.G., supra*, at p. 685.) The court of appeal reversed, finding "matters such as this one belong

3

in family court . . . . [¶] . . . [T]he juvenile court erred in sustaining a petition that alleged only that Mother is mentally ill and is unable to care for the minors where Father has always been, and is, capable of properly caring for them. At the adjudication hearing, the juvenile court should have dismissed the petition, staying the order until Father obtained from the family court an award of custody to him and monitored visitation to Mother." (*Id.* at p. 686.)

Here, there was no pending family law case, father had been alienated from his son and had not yet had an opportunity to demonstrate his protective capacity, and there was an immediate need to protect T.W. from mother. The juvenile court, with its mandate to protect children from harm, is the proper court in such a case. (See Welf. & Inst. Code, § 300.2.)

*In re Phoenix B.* also does not support mother's position. In that case, the mother appealed after the juvenile court *declined to assert dependency jurisdiction*, finding no risk of harm to the child after he was placed with his nonoffending father. The Court of Appeal affirmed. (*In re Phoenix B., supra*, 218 Cal.App.3d at pp. 790–791.) In this case, the Department did not dismiss the dependency petition, and our review is not from an order declining to assume jurisdiction. It is immaterial whether or not the juvenile court could have elected to dismiss the petition, because substantial evidence supports the juvenile court's jurisdictional order.

## DISPOSITION

The order is affirmed.

GRIMES, Acting P. J.

WE CONCUR:

STRATTON, J.                WILEY, J.

4